IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**SANDRA PAZ,**                                                                 **CASE NO.:**

    **Plaintiff,**

vs.

**SETERUS, INC.,**
A Delaware Corporation,

    **Defendant.**

_____/

## COMPLAINT FOR DAMAGES

Plaintiff Sandra Paz by and through undersigned counsel, sues Defendant Seterus, Inc. and alleges:

### I.  THE PARTIES, JURISIDICTION AND VENUE

1. Plaintiff Sandra Paz is a natural person, over the age of 21.  She is a citizen of the State of Florida and resides in Broward County, Florida.  She is referred to hereafter as "Borrower."

2. Defendant Seterus, Inc. ("Servicer") is a Delaware Corporation with its principal place of business in the State of North Carolina.  Servicer is engaged in servicing federally related mortgage loans secured by real property throughout the United States and the State of Florida.  As a mortgage servicer, it is subject to specific federal laws and administrative regulations governing its mortgage serving activities.  These laws and regulations include, but are not limited to, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et. seq*. (hereinafter RESPA) and Regulation X, 12 C.F.R § 1024.35 (e), hereinafter "Regulation X."

3. Servicer services Borrower's mortgage loan, and many other similar residential mortgage loans, secured by real property located in Broward County, Florida, and thus engages in substantial business activity in the State of Florida and the territorial jurisdiction of this Court.

4. Borrower asserts claims against Servicer under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et. seq*. Accordingly, this Court has federal question jurisdiction over the dispute between Borrower and Servicer under 28 USC § 1331.

## II. GENERAL ALLEGATIONS

5. Borrower owned a home located in Pembroke Pines, Florida. This home is subject to a first mortgage lien serviced by Servicer.

6. Borrower fell behind on her mortgage payments, which ultimately led to the filing of a foreclosure lawsuit against her in the 17th Judicial Circuit in and for the State of Florida.

7. Borrower's property was scheduled for sale on June 18th, 2014.

8. On or about May 6th, 2014, Borrower submitted a loan modification to Servicer.

9. Servicer has not provided Borrower with any correspondence regarding the loss mitigation application, as is required under 12 C.F.R. § 1024.41.

## COUNT I – VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT AND IMPLEMENTING REGULATION X REGARDING LOSS MITIGATION (AGAINST NATIONSTAR)

10. Borrower re-alleges and incorporates by reference the allegations in Paragraphs 1 through 9 above.

11. On or about May 6th, 2014, Borrower submitted a loan modification to Servicer.

12. According to 12 C.F.R. § 1024.41(b), and the Consumer Financial Protection Bureau's published interpretations of that section, mortgage servicers haven obligation to "exercise reasonable diligence in obtaining documents and information to complete a loss

mitigation application." Consumer Financial Protection Bureau, *Help for Struggling Borrowers*. http://files.consumerfinance.gov/f/201312_cfpb_mortgages_help-for-struggling-borrowers.pdf (last visited Nov. 4th, 2014).

13. In the case at bar Servicer wholly failed to contact Borrower designating her loss mitigation application as either "complete" or "incomplete" for purposes of Regulation X's loss mitigation requirements. Furthermore, Servicer has never requested any additional documentation.

14. Because Servicer did not designate Borrower's loss mitigation application as either "complete" or "incomplete," then pursuant to 12 C.F.R. § 1024.41(c)(iv), the application automatically is considered to be "facially complete." Thus, the protections against sale established by 12 C.F.R. § 1024.41(g) applied, and Servicer was prohibited from pursuing a foreclosure sale. Servicer violated its obligations under this provision by failing to take any action to cancel the foreclosure sale.

15. When a complete loss mitigation application is submitted, 12 C.F.R. § 1024.41(c) requires the servicer to fully evaluate that application within 30 days.

16. In the case at bar, Servicer failed to ever determine whether the application was complete or incomplete, and failed to ever make a substantive decision concerning the application.

17. A borrower is expressly authorized to enforce the loss mitigation provisions of Regulation X through section 6(f) of RESPA (12 U.S.C. 2605(f)). This express authority is set forth in 12 C.F. R. 1024.41(a).

18. Servicer's failure to comply with the loss mitigation rules in 12 C.F.R. § 1024.41 under the Real Estate Settlement Procedures Act , 12 U.S.C. § 2605(f) are consequences of

Servicer's calculated decision not to implement sufficient procedures, employ sufficiently trained staff, or properly supervise its mortgage servicing staff in order to adequately comply with these duties and obligations and has resulted in damages to Borrower. These damages include the costs of legal and other professional services in connection with the state court foreclosure and her loss mitigation application. In addition, Borrower has also been damaged because she is at risk, and may well lose, her home. Furthermore, as a result of stress and anxiety, she has suffered emotional distress, and will suffer continued and more severe emotional distress if she is evicted.

19. Furthermore, Servicer's failure to implement sufficient policies, procedures, training, supervision in order to comply with RESPA and Regulation X's loss mitigation procedure are system and consistent with its general business practices, Borrower is entitled to an award of statutory damages.

20. Borrower has retained undersigned counsel to represent her in this action, and is entitled to an award of prevailing party attorney's fees pursuant to RESPA's fee shifting provisions.

21. Servicer does not actually own Borrower's mortgage loan, but merely operates as the actual mortgagee's agent. Accordingly, Servicer is not entitled to assert the contractual jury trial waiver provisions found the mortgage and promissory note.

## DEMAND FOR TRIAL BY JURY

Borrower demands trial by jury on all claims so triable.

Respectfully Submitted,


THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.

1000 W. McNAB RD. STE. 150
POMPANO BEACH, FL 33069
Phone:  (954) 942-5270
Fax:     (954) 942-5272
Email:   jgolant@jeffreygolantlaw.com
By: **/S/ JEFFREY N. GOLANT ESQ.**
Fla. Bar. No. 0707732

Ashley R. Eagle, Esq.
aeagle@jeffreygolantlaw.com


Jessica L. Kerr, Esq.
Jessica L. Kerr, P.A.
401 E Las Olas Blvd Ste 130
Fort Lauderdale, FL 33301-2477
jessicakerresquire@gmail.com