IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SANDRA PAZ, et. al.,                                    CASE NO.:  0:14-cv-62513-KMW

    Plaintiff,

vs.

SETERUS, INC.,
A Delaware Corporation,
_____/

### PLAINIFF'S MOTION FOR LEAVE TO FILE A SECOND AMEND COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

    COMES NOW, Sandra Paz (herein Plaintiff), through legal counsel pursuant Southern District Local Rule 7.1 (C) Plaintiff files this her Motion for Leave to Amend the Complaint and further states as follows:

1.    Upon receipt of a Motion to Dismiss from Defendant's counsel, for the first time raising new information regarding the loss mitigation application submitted on behalf of Plaintiff, Sandra Paz, by a third party, in May 2014, Plaintiff wishes to clarify certain allegations as to the instant complaint.

2.    Plaintiff still has a cognizable claim for violation of the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2601 et seq.; and Plaintiff now seeks to amend her complaint immediately and accordingly.

3.    Specifically, Defendant alleges that the May loss mitigation application was sent to a prior servicer, J.P. Morgan Chase Bank.  Plaintiff does not stipulate to this allegation,

but believes it may be a genuine issue of material fact to be determined by the trier of facts. As such, Plaintiff wishes to allow this count to remain.

4. Plaintiff also requests leave to add in an alternative claim. Within Defendant's discovery production recently received, documentation was produced regarding a July 2014 loss mitigation application that sent to the Defendant, Seterus, Inc. This application was sent and received more than seventy (70) days prior to the September 2014 sale date. As such, if in fact the May application was not sent to the Defendant, Seterus, the relevant application for purposes of RESPA is the July loss mitigation application. This information only recently became apparent and relevant when Defendant raised its assertion regarding the May application, and Plaintiff had an opportunity to review Defendant's discovery responses.

5. The claims are almost identical, except that there will be no question regarding whether or not an application was received 45 days or less before a foreclosure sale, as the application was sent and received in July 2014. The specific dates regarding the July loss mitigation application are delineated in the proposed Second Amended Complaint.

6. Rule 15(a) provides that leave shall be freely given to amend pleadings when justice so requires. Fed. R.Civ.P. 15(a). See, e.g., Forman v. Davis, 371 U.S. 178, 182 (1962).

7. A motion for leave to amend "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999).

8. As such, Plaintiff has attached a copy of the proposed Amended Complaint for review (Exhibit "1").

9.      Neither party shall be prejudiced as the Defendant is fully aware of the July application and produced same in response to discovery requests.

10.     Plaintiff, however, will be greatly prejudiced as she has incurred damages as a result of Defendant's failure to properly evaluate her loss mitigation application as required by RESPA. As stated in the attached proposed Amended Complaint, the allegations remain that Servicer's pattern of mishandling Borrower's loss mitigation application and failure to implement the policies and procedures necessary to properly comply with its obligations under 12 C.F.R §1024.41 resulted in damages incurred by Borrower.

WHEREFORE, Plaintiff respectfully requests that her Motion for Leave to file a Second Amend Complaint should be granted and the proposed Second Amended Complaint be deemed entered.

## CERTIFICATE OF GOOD FAITH

The undersigned attorney certifies in compliance with S.D. Local Rule 7.1 A (3) that the movant has attempted in good faith to confer with the attorney for Defendant SETERUS, INC.. in an effort to secure the relief sought herein without the necessity of Court action. Defendant opposed the relief sought.

(Certificate of Service included on the following page.)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner authorized on the Service List below.

By: */s/ Jessica Lynn Kerr*__
Jessica L. Kerr, P.A.

## SERVICE LIST

| Christopher P. Hahn<br>**Maurice Wutscher LLP**<br>333 SE 2nd Avenue, Suite 2000<br>Miami, Florida 33131<br>Direct: (772) 237-3410<br>Cell: (949) 412-3290<br>Fax: (866) 581-9302<br>Email: chahn@MauriceWutscher.com<br>*Counsel for Defendant* | THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.<br>1999 N. University Drive Ste. 213<br>Coral Springs, Florida 33071<br>Phone: (954) 942-5270<br>Fax:    (954) 942-5272<br>Email:   jgolant@jeffreygolantlaw.com<br>Fla. Bar. No. 0707732<br>Co-counsel for Plaintiff<br><br>Jessica Lynn Kerr, Esq.<br>Jessica L. Kerr, P.A.<br>401 E. Las Olas Blvd., Suite 130<br>Fort Lauderdale, FL 33301<br>Email: jessicakerresquire@gmail.com<br>*Co-counsel for Plaintiff* |